# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | CV 20-00865 AB (FFMx) <br> ML 18-02814 AB (FFMx) | Date: | June 18, 2020 |
|---|---|---|---|

| Title: | *Barbara Kinneberg v. Ford Motor Company et al.,* **member case in** *In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Lit.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> MOTION FOR REMAND IN *KINNEBERG*, CV 20-00865

Before the Court is Plaintiff Barbara Kinneberg's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 9). Defendant Ford Motor Company ("Defendant") filed an Opposition and Plaintiff filed a Reply. The Motion is **<u>GRANTED</u>**.

## I. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. And while "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The defendant must establish the amount in controversy by the preponderance of the evidence. *See Dart*, 135 S. Ct. at 553-54.

## II. DISCUSSION

### A. The Amount In Controversy Is Not Satisfied.

Plaintiff's Complaint, filed in state court, alleges warranty and lemon law claims under the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1791 *et seq.*, and related claims under Cal. Bus. & Prof. Code §17531 and § 17535, against Defendant arising out of alleged defects in a 2014 Ford Focus that Plaintiff purchased in 2015. *See* Compl. (Dkt. No. 1-2) ¶ 6. Defendant removed the action based on diversity jurisdiction. Plaintiff now moves to remand on the ground that Defendant has not established either the amount in controversy or complete diversity of citizenship.

The Court concludes that Defendant has not established that the amount in controversy is satisfied. Defendant argues that Plaintiff's actual and consequential damages, plus a two-times civil penalty, and attorneys' fees available under Song-Beverly, together satisfy the amount in controversy. Defendant assumes that estimate that Plaintiff paid about $14,325 for the vehicle. *See* Notice of Removal ¶ 21. This amount, plus the maximum two-times civil penalty, equals $42,975.[1] This is $32,026 short of satisfying the amount in controversy. Defendant argues that the attorneys' fees Plaintiff seeks would make up this difference, and cites a number of lemon law cases in which attorneys' fees ranging from $60,000 to $355,680 were sought or awarded. But Defendant has not shown that these amounts from other cases are probative of the attorneys' fees put in issue in this case. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("we are confident that district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement"). Defendant's attorneys' fees estimate is too speculative to make up the difference necessary to satisfy the amount in controversy, so the Court finds that the amount in controversy is not satisfied.

The Court denies Plaintiff's request for an award of $3,160 in attorneys' fees incurred to bring this motion. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*,

---

[1] This total does not take into consideration any offsets that would reduce the damages.

546 U.S. 132, 141 (2005). Although it is a close call, the Court finds that Defendant's basis for removal was sufficiently reasonable to deny the fee request.

However, the Court expects Defendant's future decisions regarding removal and motions for remand to be informed by this and similar orders that the Court has issued recently. Should other plaintiffs in this MDL be forced to move for remand in similarly improvidently-removed cases, the Court may find Defendant's removals unreasonable and award attorneys' fees.

### III. CONCLUSION

Plaintiff's Motion for Remand is **GRANTED**, but her request for fees is denied.

The Court **REMANDS** this action back to the state court from which it was removed.

**IT IS SO ORDERED**.